**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **DEBORAH DELL-WILKERSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:08-CV-0130-C |
| | § | ECF |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | Assigned to United States |
| Defendant. | § | Magistrate Judge |

**MEMORANDUM ORDER AND OPINION**

**THIS CASE** is before the court upon Plaintiff's complaint filed September 26, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief in support of her complaint on June 17, 2009, and Defendant filed a brief on August 3, 2009. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on September 26, 2008 (Doc. 4), and March 18, 2009 (Doc. 15). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

**I.   STATEMENT OF THE CASE**

Plaintiff protectively filed an application for disability insurance benefits on July 17, 2006, alleging disability beginning May 14, 2006. Tr. 10, 86-89. Plaintiff's application was denied initially and upon reconsideration. Tr. 10, 36-40, 44-47. Plaintiff filed a Request for Hearing by

Administrative Law Judge on May 1, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on March 4, 2008. Tr. 10, 18-33, 54. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 21-30. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 30-32. The ALJ issued a decision unfavorable to Plaintiff on April 25, 2008. Tr. 7-17.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements through December 31, 2009, and that Plaintiff had not engaged in substantial gainful activity at any time since May 14, 2006. Tr. 10, 12. Plaintiff has "severe" impairments, including ischemic heart disease, low back pain, and neck pain. Tr. 12. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 15.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 16.

The ALJ found that Plaintiff could return to her past relevant work as a bookkeeper. *Id*. The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of sedentary work activity, with the following limitations: Plaintiff is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently; is able

to stand and/or walk for about 6 hours in an 8-hour workday and sit for about 6 hours; must periodically alternate sitting and standing to relieve pain or discomfort; cannot climb ladders, ropes, or scaffolds; is able to occasionally balance, kneel, crouch, crawl, and stoop; and is able to sustain work mentally. Tr. 14-15. The past relevant work of bookkeeper does not require the performance of work-related activities precluded by the Plaintiff's RFC. Tr. 16. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id.*

Plaintiff submitted a Request for Review of Hearing Decision/Order on May 19, 2008. Tr. 5-6. The Appeals Council denied Plaintiff's request and issued its opinion on August 4, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-3. The ALJ's decision, therefore, became the final decision of the Commissioner.

On September 26, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the

Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work as a bookkeeper. Tr. 16.

### III.  DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to properly consider or make a finding regarding the limiting effects of Plaintiff's mental impairment; failed to assess the credibility of Plaintiff's aunt and daughter; failed to find that Plaintiff's cervical impairments meet or equal the requirements of listing 1.04; and failed to consider the limiting effects of all of Plaintiff's impairments. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.   Whether the ALJ erred in evaluating Plaintiff's mental impairment.**

Plaintiff alleges that the ALJ erred by failing to properly consider or make a finding regarding the limiting effects of her mental impairments. The record demonstrates that the ALJ did

-4-

not find that Plaintiff had a "severe" mental impairment. Plaintiff argues that the medical evidence of record demonstrates the presence of a mental impairment which the ALJ should have evaluated to determine whether any such mental impairment imposes any limitation(s).

Under the Social Security Regulations, the severity of an impairment or impairments is considered at the second step of the five-step sequential analysis. *See* 20 C.F.R. § 404.1520. A claimant must show that he or she has a severe medical impairment before the claimant can be determined disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The regulations further provide that an impairment must significantly limit the person's ability to do basic work activities in order to be considered severe. 20 C.F.R. § 404.1520(c). Thus,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Commissioner] will find that you do not have a severe impairment and are, therefore, not disabled.

*Id.*

The Supreme Court held that this "severity regulation" is valid on its face and "is not inconsistent with the statutory definition of disability." *Bowen v. Yuckert,* 482 U.S. 137, 146, 154, 107 S.Ct. 2287, 2293, 2298 (1987).

The Fifth Circuit has considered the severity regulation, both before and after the Supreme Court's decision in *Bowen v. Yuckert*. In *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the Court approved of an earlier construction of the severity regulation that set this standard for determining whether a claimant's impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*Id.* at 1101 (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). In *Loza* the Court held that the standard set forth in *Stone* remained the correct standard. 219 F.3d 378 at 392. However, the Commissioner may require a claimant to make a *de minimis* showing that her impairment is

severe enough to interfere with her ability to do work under this standard. *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992). Thus, to meet the severity threshold in the Fifth Circuit, the claimant need only make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work.

In his opinion the ALJ noted that plaintiff's medications included Ambien, Buspar, and Lexapro, as well as many more. Tr. 14. The ALJ did not find that Plaintiff has a medically determinable medical impairment. Tr. 12. The ALJ noted Plaintiff's report of fearing another heart attack. Tr. 15. The ALJ did not otherwise discuss or address any of Plaintiff's mental complaints. The record demonstrates that Plaintiff complained of anxiety attacks with difficulty sleeping and was prescribed medication. Tr. 335-36, 329.

Clearly, the ALJ has a duty "'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (quoting *Newton*, 209 F.3d at 458). The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). The court may not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)). In order to establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). This court will not reverse for a failure to develop the record unless Plaintiff can show that she was prejudiced as a result.

Plaintiff argues the ALJ erred by failing to develop the record regarding the limitations imposed by her mental impairment, which the ALJ did not address at all, failing to make either a severity finding or even a finding regarding whether Plaintiff had a medically determinable

impairment. The ALJ also did not include any limitations in the RFC finding to reflect any such impairment. Plaintiff has pointed to more than *de minimis* evidence of a mental impairment that might affect her ability to perform work related activity. Because the RFC determination did not include any limitations or reflect any limitations imposed by such impairment, such error was prejudicial and requires that this case be remanded for further administrative action.

**B.    Whether the ALJ erred in finding that Plaintiff's cervical impairment did not meet or equal the requirements of Section 1.04 of the Listing of Impairments**

Plaintiff argues that the ALJ erred at step 3 of the sequential evaluation process by failing to find that she met the criteria of Section 1.04 of the Listing of Impairments, because she has a severe neck impairment. Plaintiff argues that having demonstrated that she meets the criteria of Listing 1.04, this case should be remanded for an award of immediate benefits.

In order to obtain a determination of disabled under the Listing of Impairments, an applicant must show that his impairments meet or equal one of the listings in appendix 1 of 20 C.F.R. Part 404. To meet the listing under § 1.04, the Plaintiff must show that she has:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with:
>
> A.    Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B.    Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C.    Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b."

*See* 20 C.F.R. Part 4, Subpt. P, App. 1, § 1.04.  Plaintiff specifically argues that she has met the criteria of § 1.04 A and has therefore demonstrated presumptive disability.

The ALJ determines at step 3 of the 5-step sequential analysis whether a claimant's severe impairments meet or equal one or more of the Listings.  At step 3 the burden of proof rests with a claimant.  Ultimately, the claimant has the burden of proving that his impairment or combination of impairments meets or equals a listing.  20 C.F.R. § 404.1520(d); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). That burden is to provide and identify medical signs and laboratory findings that support *all* criteria for a step 3 impairment determination.  *McCuller v. Barnhart,* 72 Fed.Appx. 155, 158 (5th Cir. 2003); *Selders,* 914 F.2d at 619; 20 C.F.R. § 404.1526(a).  If a claimant fails to provide and identify medical signs and laboratory findings that support all criteria of a Listing, the court must conclude that substantial evidence supports the ALJ's finding that the required impairments for any Listing are not present.  *Selders,* 914 F.2d at 620.  To meet a listed impairment, the claimant's medical findings (i.e., symptoms, signs, and laboratory findings) must match those described in the listing for that impairment. 20 C.F.R. §§ 404.1525(d), 404.1528; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff alleges that the medical evidence of record demonstrates that she has severe degenerative disc disease that results in compression of the nerve root with a neuroanatomic distribution of pain.  She alleges that her neck impairment has resulted in limitation of motion in the spine and had decreased reflexes in her left bicep and decreased sensation at C5-7.  *See* 20 C.F.R. Subpt. B, App. 1, § 1.04 (A).

Defendant argues that Plaintiff has failed to produce medical evidence of the presence of motor loss, including atrophy associated with muscle weakness.

> Section 1.00 E provides that in evaluating the criteria of the musculoskeletal Listings, a report of atrophy is not acceptable as evidence of significant motor loss without circumferential measurements of both thighs and lower legs, or both upper and lower

> arms, as appropriate, at a stated point above and below the knee or elbow given in inches or centimeters. Additionally, a report of atrophy should be accompanied by measurement of the strength of the muscle(s) in question generally based on a grading system of 0 to 5, with 0 being complete loss of strength and 5 being maximum strength. A specific description of atrophy of hand muscles is acceptable without measurements of atrophy but should include measurements of grip and pinch strength.

20 C.F.R. Pt. 4, Subpt. P, App. 1, § 1.00 E. Moreover, diagnosis and evaluation of musculoskeletal impairments should be supported by detailed descriptions of the joints, "including ranges of motion, condition of the musculature (e.g., weakness, atrophy), sensory or reflex changes, circulatory deficits, and laboratory findings, including findings on x-ray or other appropriate medically acceptable imaging." *Id.* at § 1.00 C.

Plaintiff bears the burden of proving that her impairment or combination of impairments meets or equals the listings at step 3 of the sequential evaluation process. 20 C.F.R. § 404.1520(d); *Selder*, 914 F.2d at 619 (citing *Sullivan*, 493 U.S. at 521). Plaintiff also argues that her impairment is of sufficient medical severity to constitute medical equivalence. She must provide medical findings that support each of the criteria for the equivalent impairment determination. *Id*. The evidence of record does not include medical findings to support each of the criteria of § 1.04 A of the Listing of Impairments, specifically not indicating motor loss as described in that Listing.

As noted above, Plaintiff has not met her burden to show that she has satisfied each of the criteria of Section 1.04 of the Listing of Impairments during the relevant time period. A reversal with directions to award benefits is not proper. *See McQueen*, 168 F.3d at 156. The cumulative effect of the evidence in this case does not meet the very high burden of establishing "disability without any doubt." *See Poe v. Comm'r of Soc. Sec.*, 2003 U.S. Dist. LEXIS 21307, 22-23 (N.D. Tex. 2003). Since there is insufficient medical evidence in the record to make a determination of disability, a remand for further administrative action is the appropriate course.

## IV. CONCLUSION

The court finds that the ALJ erred in evaluating Plaintiff's mental impairment and that such error requires a remand for further administrative action. The ALJ's decision is not supported by substantial evidence in the record. The decision of the Commissioner is therefore reversed, and this case shall be remanded for further administrative action.

Having found that the ALJ erred in evaluating Plaintiff's mental impairment at step two of the sequential evaluation process and having found that a remand for further administrative action is appropriate, the court does not reach Plaintiff's additional claims of error.

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision should be reversed and that this case should be remanded for further proceedings.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for disability insurance benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand the ALJ should further consider whether Plaintiff has a medically determinable mental impairment, whether any such impairment is severe, and whether any such impairment imposes any limitations upon Plaintiff's ability to perform work related activity. A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 12th day of March, 2010.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**